UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Cause No. 1:12-cr |
| SUN POLYMERS INTERNATIONAL, INC., | ) **1:12-cr-0076 JMS-KPF** |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT UNDER FED. R. CRIM. P. 11(c)(1)(C)**

The United States of America, by counsel, Joseph H. Hogsett, United States Attorney for the Southern District of Indiana, and Gayle L. Helart, Assistant United States Attorney, and the defendant, Sun Polymers International, Inc. ("Sun Polymers"), in person and by counsel, Bradley L. Williams, hereby inform the Court that a plea agreement has been reached in the above-captioned cause of action, pursuant to Fed.R.Crim.P. 11(c)(1)(C), with the terms and conditions specified below.

1. Plea of Guilty to the Information: Sun Polymers will enter a plea of guilty to Count 1 of the Information in this case, which alleges that Sun Polymers committed a negligent violation of the Clean Water Act, 33 U.S.C. §1319(c)(1)(A), by negligently introducing wastestreams with a closed cup flashpoint of less than 140 degrees Fahrenheit into the Town of Mooresville, Indiana's wastewater treatment plant, a publicly-owned treatment works, on or about May 31, 2007, in violation of the federal pretreatment standards at 40 C.F.R. § 403.5(b)(1), and the Clean Water Act, 33 U.S.C. §1317(d) and §1319(c)(1)(A).

2. Potential Statutory Penalties: A negligent violation of the Clean Water Act, 33 U.S.C. §1319(c)(1), is a Class A misdemeanor under 18 U.S.C. § 3559(a)(6). The maximum fine for an organization convicted of this offense is the greatest of the following: $200,000 under 18 U.S.C. § 3571(c)(5); an amount equal to twice the gross gain or twice the gross loss resulting from the offense, under 18 U.S.C. § 3571(d); or $25,000 per day of violation under 33 U.S.C. § 1319(c)(1). The parties agree that the offense described in Count 1 is a Class A misdemeanor.

3. Elements of the Offenses: The elements of the offense for Count 1 that the United States must prove beyond a reasonable doubt are: (1) the defendant is a person pursuant to 33 U.S.C. § 1362(5) of the Clean Water Act; (2) who negligently operated a source; (3) in violation of a pretreatment standard by introducing into a publicly owned treatment works wastestreams with a closed cup flashpoint of less than 140 degrees Fahrenheit.

## SPECIFIC PROVISIONS

4. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties jointly recommend and agree that the Court should impose the following specific sentence:

A. Fine: Sun Polymers should be ordered to pay a total fine of Eighteen thousand dollars ($18,000) for Count 1.

B. Probation: Sun Polymers shall be placed on probation for a period of one year. The parties agree that no special conditions of probation are necessary to enforce this agreement.

C. Restitution: Under Title 18, U.S.C. § 3663(a)(3), the Court may order restitution in any criminal case to the extent agreed to by the parties in a plea agreement. Sun Polymers agrees to pay an amount equal to $82,424.12 to the Town of Mooresville, Indiana's

Waste Water Treatment Plant as restitution on or before the date of sentencing.

    D.    Special Assessment: Sun Polymers shall pay a special assessment to the Clerk of the Court on the date of sentencing in the total amount of $125. 18 U.S.C. § 3013(a)(1)(B)(iii).

5.    Waiver of Appeal: Sun Polymers understands and agrees that its statutory right to appeal pursuant to Title 18, U.S.C. § 3742 is subject to waiver. If the Court accepts this Plea Agreement and imposes a sentence in accordance with this agreement, then Sun Polymers waives its right to appeal the conviction and the sentence imposed on it pursuant to this Plea Agreement on any ground, and it further waives its right to raise a post-conviction collateral attack on the conviction and/or the sentence imposed, pursuant to Title 28, U.S.C. § 2255.

6.    Agreement Not Binding Until Fully Signed: The terms of this Plea Agreement are not binding and will not become effective on the United States, nor upon the defendant until signed by the defendant, by defense counsel, and by counsel for the government.

7.    Sentencing Representation: At the time of the guilty plea and sentencing hearings, Sun Polymers shall appear in court by counsel and through a representative of the company who is legally authorized to ensure compliance with this Agreement, and shall file with the Court a resolution of the defendant's Board of Directors authorizing the company to enter into this Plea Agreement and enter the guilty pleas provided for herein.

8.    No Further Charges: In exchange for the defendant's plea of guilty in this matter, the United States agrees that it will not seek criminal prosecution of the defendant or any of its officers or employees, for any other act or matter currently known to the United States that is related to events at the Sun Polymers facility in Mooresville, Indiana, through June 2007,

involving any alleged discharges into the Mooresville, Indiana, Waste Water Treatment Plant, or any other alleged violation of the provisions of 33 U.S.C. §1319(c) related to the events at the Sun Polymers facility in Mooresville, Indiana through June 2007. This agreement is not intended to, and does not, prohibit the United States from initiating a prosecution for any offense committed after the date of this agreement.

## FINAL PROVISION

9. Sun Polymers acknowledges and states that no threats, promises or representations have been made, nor have there been any agreements reached, other than what is set forth in this document, in connection with its decision to enter a plea of guilty. This document is the only Plea Agreement between the United States and the defendant, and is binding on the parties; there are no prior understandings, written or oral, concerning this matter.

Respectfully submitted,

JOSEPH H. HOGSETT
United States Attorney

_5/16/12_
DATE

Gayle L. Helart
Assistant United States Attorney

_5-16-12_
DATE

Joe H. Vaughn
Chief, Criminal Division

_____
DATE

[Name of Authorized Corp. Official]
Sun Polymers International, Inc.
Defendant

_____
DATE

Bradley L. Williams
Counsel for Sun Polymers International, Inc.

## STATEMENT OF THE DEFENDANT

I have read the entire Plea agreement and discussed it with my attorney.

I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

I am fully satisfied with my attorney's representation during all phases of this case.

I am freely and voluntarily pleading guilty in this case.

I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime to which I am entering my plea.

My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement. If I have not waived my right to appeal, I understand that I must file a notice of Appeal within 14 days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.

I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

_____          _Kevin M. Harris_ _BLW_
Date                             [Name of Authorized Corp. Official]
                                 Sun Polymers International, Inc.
                                 Defendant